UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MICHAEL ADAMS**, individually,

                  Case No. _____

    **Plaintiff,**

v.

**THREE A PLUS INC. d/b/a MALIBU DINER**,
a Delaware for profit business entity, and
**NORTH HUDSON REALTY CORP.** a New
York for profit business entity,

    **Defendants.**
_____

# COMPLAINT
(Injunctive and Other Relief Sought)

Plaintiff, MICHAEL ADAMS, individually, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendants and NORTH HUDSON REALTY CORP. for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

## Jurisdictional Allegations

1. This is an action for injunctive relief for violations of the Americans with Disabilities Act (hereinafter "ADA") entitling Plaintiff to attorneys' fees, litigation expenses and costs expended in pursuing this action in accordance with 28 U.S.C. § 12181 *et seq.*

2. Defendant NORTH HUDSON REALTY CORP. is the property owner of the premises located at 163 West 23rd Street, in New York County, New York (hereinafter "Defendant-Landlord" and "Property," respectively).

1

3. Defendant THREE A PLUS INC. d/b/a MALIBU DINER (hereinafter "MALIBU DINER") is a tenant at Defendant NORTH HUDSON REALTY CORP.'s premises, and the operator of a bar and dining establishment (hereinafter "Defendant-Operator"), which establishment is defined as a "place of public accommodation." *See* 28 CFR 36.201(a).

4. Plaintiff MICHAEL ADAMS (hereinafter "ADAMS" or "Plaintiff ADAMS") is a thirty three (33) year old young man living in Brooklyn, New York, is sui juris, and qualifies as an individual with a disability as defined by the ADA. Plaintiff ADAMS is also the proud father of his young son, who recently won his first chess championship.

5. Plaintiff ADAMS suffers from cerebral palsy, which is a permanent neurological disorder affecting muscle tone, movement, and motor skills – a motor disability. Cerebral palsy is caused by abnormal brain development or damage to the developing brain that causes an inability to control one's muscles and muscular movements. As a result of his cerebral palsy Plaintiff ADAMS has been and is permanently disabled and confined to a wheelchair. There is no known cure for this congenital disorder.

6. This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

7. Venue properly lies in the Southern District of New York as it is the federal judicial district where the property is located on which the violative establishment is conducting business.

### ADA: Lack of Reasonable Accommodations at MALIBU DINER

8. The ADA prohibits discrimination on the basis of disability by guaranteeing reasonable accommodations are provided for individuals with disabilities. As the owner of the premises and as the operator of a "place of public accommodation," Defendant MALIBU

DINER and NORTH HUDSON REALTY CORP. are jointly responsible for ensuring compliance with the ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (hereinafter referred to collectively as the "Accessibility Standards").

9. Plaintiff ADAMS commutes principally using Access-A-Ride (ID# 967360) although he also uses MTA/New York City Transit Bus System and subway when possible. Plaintiff ADAMS receives assistance from both his girlfriend and his family all of whom able able-bodied individuals and who reside in various regions throughout the five boroughs of New York. Plaintiff ADAMS he is the only member of his immediate family to have cerebral palsy.

10. Defendants have and are continuing to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities in violation of the ADA.

11. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and Plaintiff is further deterred and discouraged from additional travel due to Defendants ongoing non-compliance with the ADA.

12. A preliminary inspection of MALIBU DINER discloses that the following barriers to access exist thus effectively discriminating against Plaintiff as a disabled individual:

   a. required minimum space not provided in entrance vestibule between two entrance doors in series;

b. inaccessible dining counter as required minimum clear floor space allowing a forward approach not provided at dining counter;

c. non-compliant height of dining counter exceeds maximum height allowance;

d. required minimum knee and toe clearance not provided at dining counter;

e. portion of dining counter required to be accessible not provided;

f. inaccessible dining tables as required minimum knee and toe clearance not provided at dining tables;

g. percentage of existing dining tables required to be accessible not provided;

h. compliant signage identifying the restroom not provided as required;

i. inaccessible restroom as required minimum clear width not provided at restroom door opening;

j. required minimum maneuvering clearance not provided at restroom door;

k. non-compliant door knob at restroom door requires twisting of the wrist;

l. restroom door swings into the floor space of lavatory and water closet;

m. inaccessible light switch in restroom as non-compliant height of light switch exceeds maximum height allowance;

n. required minimum turning space not provided in restroom;

o. inaccessible lavatory as required minimum clear floor space not provided at lavatory;

p. non-compliant height of lavatory exceeds maximum height allowance;

q. insulation of pipes under lavatory not provided as required;

r. inaccessible mirror in restroom as non-compliant height of mirror exceeds maximum height allowance;

s. inaccessible water closet as required minimum floor space not provided at water closet;

t. required grab bar not provided at rear wall of water closet;

u. non-compliant existing grab bar at side wall of water closet does not meet minimum length requirement;

v. failure to maintain accessible features and failing to adhere to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities;

13. The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

14. Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance.

## Injunctive Relief Is Necessary to Prevent Future Discrimination

15. Plaintiff frequently visits the area where NORTH HUDSON REALTY CORP.'s property and Defendant-Operator's business are located. Plaintiff visited MALIBU DINER and has suffered discrimination on the basis of his disability.

16. Plaintiff plans on returning to MALIBU DINER to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

17. The present violations at Defendants' facility create a hazard to Plaintiff's safety. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation as a result of Defendants' discriminatory practices or non-compliant facilities.

18. As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: INJUNCTIVE RELIEF (AGAINST MALIBU DINER)

19. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 18 above as if set forth specifically herein.

20. Defendant MALIBU DINER operates a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

21. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant's establishment and facilities as a result of the ADA violations set forth herein in paragraph 12 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

22. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities; and by failing to take such steps or efforts that may be necessary to ensure that no individual with a disability is

excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

23. Plaintiff is suffering true and actual harm by Defendant MALIBU DINER operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

24. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

25. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

26. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

    a.    Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; to require Defendant to make reasonable modifications in policies, practices and/or procedures when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, and; by failing to cure their ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

    b.    award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

    c.    any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT II: INJUNCTIVE RELIEF (AGAINST NORTH HUDSON REALTY CORP.)

27. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 12 above as if set forth specifically herein.

28. Defendant NORTH HUDSON REALTY CORP. owns commercial real property on which it is permitting Defendant MALIBU DINER to operate a place of public accommodation with discriminatory conditions in violation of Plaintiff's rights pursuant to the ADA.

29. Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and activities at the Defendant NORTH

HUDSON REALTY CORP.'s property, and facilities as a result of the ADA violations set forth herein in paragraph 12 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

30. Defendant continues to discriminate against Plaintiff and those similarly situated by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

31. Structural modifications are necessary to eliminate architectural barriers set forth herein, which are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

32. Permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

33. Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein. Plaintiff is without any adequate remedy and law.

34. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

35. This tribunal is vested with authority to grant Plaintiff Injunctive Relief pursuant to 42 USC § 12188 for Defendants' ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendant cures all ADA violations impeding disabled individuals from exercising their equal rights in accordance with the ADA.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

   a. Injunctive relief against Defendant, including: an order to make all readily achievable alterations to the facility or to make the facility readily accessible to and usable by individuals with disabilities to the extent mandated by the ADA; by failing to cure the ADA violations Defendant is failing to take the steps necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

   b. award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

   c. any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

### COUNT III: DECLARATORY JUDGMENT AS TO VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

36. Title III of the Americans with Disabilities Act mandates that all places of public accommodation must provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

37. At the time Plaintiff ADAMS visited Defendant NORTH HUDSON REALTY CORP.'s premises, being operated by Defendant MALIBU DINER, Plaintiff could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 12.

38. The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

39. At the time Plaintiff visited Defendants' property Defendants were in violation of Title III of the ADA and had denied Plaintiff reasonable access to the good and/or services being offered on their premises causing Plaintiff to retain the undersigned law firm.

40. As a result of Defendants continuously violating of Title III of the ADA Plaintiff ADAMS has and is suffering actual harm in the form of personal injury, and humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

41. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

**WHEREFORE**, Plaintiff prays for and respectfully requests a Court order declaring that Defendants, at the time Plaintiff visited Defendants' property, were in violation of Title III of the ADA, 42 USC § 12181 *et seq.;* and, that as a result of architectural barriers, Plaintiff

has been denied access to the goods and/or services offered on the subject property thereby discriminating against Plaintiff as an individual with a disability.

Respectfully submitted on June 17, 2016.

>**By: /s/ Tara Demetriades**
>Tara Demetriades, Esq.
>New York Bar No. 4185666
>E: TDemetriades@Aol.com
>T: (516) 595-5009
>
>**ADA Accessibility Associates**
>1076 Wolver Hollow Road
>Oyster Bay, New York 11771